# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO GONZALEZ et al., | Case No. 1:13-cv-02039-LJO-BAM |
| Plaintiffs, | |
| v. | ORDER SETTING SETTLEMENT CONFERENCE |
| GOLD DIGGERS GENTLEMEN'S CLUB et al., | |
| Defendants. | |

On April 24, 2014, parties filed a Joint Scheduling Report, which indicates that parties have agreed to participate in a settlement conference during settlement week.  Pursuant to the parties' request, a Settlement Conference will be set for June 10, 2014 at 10:00 AM in Courtroom 10 (GSA) before Magistrate Judge Gary S. Austin.

In accordance with the above, IT IS HEREBY ORDERED that:

1. A Settlement Conference has been SET for June 10, 2014 at 10:00 AM in Courtroom 10 (GSA) before Magistrate Judge Gary S. Austin.

2. Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  The purpose

behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.[1]

3. The parties are directed to submit their confidential settlement conference statements to the Court using the following email address: gsaorders@caed.uscourts.gov. If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e). Statements are due at least 7 days prior to the Settlement Conference.

IT IS SO ORDERED.

Dated: __April 25, 2014__          /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).